PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1994 Plymouth Grand Voyager van struck a depression in the road surface on West Road, designated as County Route 60/24, in Wayne County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 4:00 p.m. on September 14, 2006. County Route 60/24 is a paved, two-lane road at the area of the incident involved in this claim. Claimant was driving on County Route 60/24 towards his home on Cook School Road when his vehicle struck a depression in the roadway surface. Approximately a week before this incident occurred, respondent had dug ditches across the road in order to place drainage pipes in this area. Claimant alleges that the gravel was not properly compacted on the road surface, causing several depressions to form. Claimant contends that there were no signs to warn the traveling public of this hazard in the road. He was able to drive through the first area without sustaining any damage to his vehicle. When he drove over the second area, there was a depression in the road between four to six inches deep. His vehicle went into the depression and sustained damage to its alignment, engine mount, bumper cover, transmission case, and vehicle struts. The total amount of claimant’s damages amounts to $1,964.18, and claimant’s insurance deductible is $200.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 60/24. Randolph Eugene Smith, Highway Administrator II for respondent in Wayne County, testified that the drainage pipe was installed on County Route 60/24 on September 12,2006. Respondent did not receive any complaints regarding the road condition prior to this incident. Mr. Smith stated that at the time that respondent completed the project, the area would have been level with the pavement. He explained that rain could have caused the depression in the road surface. Raymond Watts, Operator Three for respondent, testified that he went to the area to repair the problem on September 15, 2006. Mr. Watts stated that rain as well as traffic on the road caused the depression.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
*139 In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the depression in the road which claimant’s vehicle struck and that it presented a hazard to the traveling public. The depth of the depression at the project site and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $200.00.
Award of $200.00.